IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-03151-CMA
(Criminal Action No. 15-cr-00447-CMA)

UNITED STATES OF AMERICA,

v.

USMARO ROSALES-NIETO,

    Defendant.

---

## ORDER DENYING 28 U.S.C. § 2255 MOTION

---

This matter is before the Court on the *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 37) and the "Motion for Appointment of Counsel" (ECF No. 38) filed December 6, 2018, by Defendant Usmaro Rosales-Nieto. The Court must construe the motions liberally because Defendant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the motions.

Defendant agreed to plead guilty to one count of illegal reentry of a previously deported alien following an aggravated felony conviction. He was sentenced to forty-six months in the custody of the Bureau of Prisons, of which thirty months were ordered to be served concurrently with Defendant's undischarged Colorado state sentence. The Judgment in a Criminal Case (ECF No. 35) was entered on April 4, 2017.

Defendant asserts two claims in the § 2255 motion. Defendant first claims the Court should have ordered his federal sentence to commence on September 1, 2016, the same date his undischarged state sentence commenced so that the sentences would be fully concurrent. Defendant also alleges within claim one that he completed his state sentence in August 2018 and, upon his transfer to the custody of the Federal Bureau of Prisons ("BOP"), he has learned the BOP is not calculating his federal sentence correctly. Defendant contends in his second claim that counsel was ineffective by failing to seek and obtain a federal sentence that commenced on September 1, 2016.

The Court notes initially that any claim Defendant seeks to raise regarding the computation of his sentence by the BOP may not be raised in a motion pursuant to 28 U.S.C. § 2255. Defendant's claim challenging the computation of his sentence properly is raised in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district in which Defendant is confined.

Defendant's claims that the Court should have imposed a sentence that commences on September 1, 2016, and that counsel was ineffective by failing to seek and obtain a sentence that commenced on September 1, 2016, are untimely. Pursuant to 28 U.S.C. § 2255(f), a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence. That statute provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Defendant recognizes that the § 2255 motion was filed more than one year after the judgment of conviction became final but he argues the motion is timely pursuant to § 2255(f)(4) because he only recently discovered the BOP is not computing his sentence correctly. The Court is not persuaded because the BOP's computation of Defendant's sentence is not relevant to his claims that the Court should have imposed a sentence that commences on September 1, 2016, and that counsel was ineffective by failing to seek and obtain a sentence that commenced on September 1, 2016. The factual basis for each of those claims existed at the time Defendant was sentenced. In other words, Defendant knew when he was sentenced that the sentencing order did not state the sentence would commence on September 1, 2016. As a result, Defendant's § 2255 motion is time-barred in the absence of some reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2255(f) is not jurisdictional and is

subject to equitable tolling. See *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008). Equitable tolling is appropriate "'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *Id.* (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).

Defendant fails to allege any facts that demonstrate he has diligently pursued his claims or that he was prevented from filing in a timely manner by extraordinary circumstances beyond his control. Therefore, equitable tolling is not appropriate and the § 2255 motion will be denied as untimely.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability because Defendant has not made a substantial showing of the denial of a constitutional right.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal. See Coppedge v. United States, 369 U.S. 438 (1962). If Defendant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Motion to Vacate Pursuant to 28 U.S.C. § 2255 (ECF No. 37) is DENIED. It is

FURTHER ORDERED that the Motion for Appointment of Counsel (ECF No. 38) is DENIED as moot. It is

FURTHER ORDERED that no certificate of appealability will issue because Defendant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice. It is

FURTHER ORDERED that the Court's December 10, 2018, Order (ECF No. 39) directing the Government to respond to the motion to vacate is VACATED.

DATED: December 11, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge